United States District Court
Southern District of Texas
**ENTERED**
November 24, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUGO LUIS GALLEGOS RODRIGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-9305 |
| | § | |
| WARDEN, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Hugo Luis Gallegos Rodriguez ("Petitioner"), a citizen of Mexico, entered the United States without inspection on an unknown date.[1] On September 4, 2026, Petitioner was served with a Notice to Appear, charging him with inadmissibility pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act, "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[2] Petitioner is in immigration custody pursuant to 8 U.S.C. § 1225(b)(2).[3]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates due process.[4] Also pending before the court is Respondents' Motion to Dismiss (Docket Entry No. 4). Respondents argue that Petitioner is

---

[1]Notice to Appear, Exhibit 2 to Verified Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1-2, pp. 1, 4. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id.

[3]Motion to Dismiss ("Respondents' MTD"), Docket Entry No. 4, p. 2.

[4]Habeas Petition, Docket Entry No. 1, p. 6 ¶ 27.

legally detained under § 1225(b)(2) because he is an applicant for admission.[5] Petitioner has filed a reply.[6]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2) until the conclusion of his removal proceedings. Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). As explained by the Fifth Circuit in Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc), this mandatory detention does not violate substantive or procedural due process.

For the reasons explained above, Respondents' Motion to Dismiss (Docket Entry No. 4) is **GRANTED,** and Petitioner's Verified Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 24th day of November, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

[5]Respondents' MTD, Docket Entry No. 4, pp. 1-6.

[6]Petitioner's Reply to Motion to Dismiss, Docket Entry No. 5.